ENTERED ON

NOV 0 9 2009

DOCKET

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE: ) CHAPTER 7
)
GLENN ROYCE FAVRE, ) CASE NO. 08-85264 - MHM
)
Debtor. )
)

_____

)
GLENN ROYCE FAVRE, )
)
Plaintiff, )
)
v. ) **ADVERSARY PROCEEDING**
) **NO. 09-9079**
JUDGE FRANKLIN BIGGINS, )
VERONIA BIGGINS, )
)
Defendants. )

## ORDER DISMISSING COMPLAINT

Debtor's main bankruptcy case was filed December 9, 2008. Debtor received a

Chapter 7 discharge and the case was closed April 7, 2009. On October 30, 2009, Debtor

filed a complaint "for Judicial Misconduct, Unclean Hands, tortuous interference,

estoppels, Fraud in the inducement, malicious intent to harm, misrepresentation, Breach of

Contract, quantum merit and unjust enrichment[.]" Defendants in that complaint are a

state court judge and his wife.

A federal court must inquire *sua sponte* into its own subject matter jurisdiction at the earliest possible stage in the proceedings. *University of South Alabama v. American Tobacco Co.,* 168 F.3d 405 (11th Cir. 1999). The bankruptcy court is a court of limited jurisdiction and may hear only those cases authorized by a jurisdictional grant by Congress. *Id.* When a court determines it is without subject matter jurisdiction, it is powerless to act except to dismiss the case. *Id.* Parties cannot waive subject matter jurisdiction. *Scarfo v. Ginsberg,* 175 F. 3d 957 (11th Cir. 1999).

Under 28 U.S.C. § 157(b)(1), the bankruptcy court can enter an order in an adversary proceeding only if it is a core proceeding under § 157(b)(2). The bankruptcy court has the authority to determine if the proceeding is a core proceeding. Section 157(b)(3) states in relevant part: "The bankruptcy judge shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under title 11." A non-exclusive list of core proceedings is provided in § 157(b)(2):

Core proceedings include, but are not limited to—

(A) matters concerning the administration of the estate;

(B) allowance or disallowance of claims against the estate or exemptions from property of the estate and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 but not litigation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11;

2

(C) counterclaims by the estate against persons filing claims against the estate;

(D) orders in respect to obtaining credit;

(E) orders to turn over property to the estate;

(F) proceedings to determine, avoid, or recover preferences;

(G) motions to terminate, annul, or modify the automatic stay;

(H) proceedings to determine, avoid, or recover fraudulent conveyances;

(I) determinations as to the dischargeability of particular debts;

(J) objections to discharges;

(K) determinations of the validity, extent, or priority of liens;

(L) confirmations of plans;

(M) orders approving the use or lease of property, including the use of cash collateral;

(N) orders approving the sale of property other than property resulting from claims brought by the estate against persons who have not filed claims against the estate; and

(O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims.

Bankruptcy courts also have subject matter jurisdiction to hear cases that are **non-core** proceedings under § 157(c). Bankruptcy courts may hear a non-core matter if it arises under Title 11 or is related to a case under Title 11. Section 157(c)(1) states in relevant part:

A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of

3

law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy's judge's proposed findings and conclusions. . .

The criteria for determining if a proceeding is related to a bankruptcy case are substantially broader than the criteria required to find a proceeding is a core proceeding. The test for related proceedings is set forth in *Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.),* 910 F.2d 784 (11th Cir. 1990).[1]  In *In re Lemco Gypsum, Inc.*, the Eleventh Circuit established the threshold for related proceedings as "'whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy. The proceeding need not necessarily be against the debtor or the debtor's property.'" *Id.* at 788 (quoting *Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3d Cir. 1984)).

The facts alleged in Debtor's complaint do not set forth a basis for this court to find that it has subject matter jurisdiction over Debtor's claims.  If the facts alleged present a claim for judicial misconduct, this court has no jurisdiction to consider such a claim against a state court judge.  Such a claim should be pursued as prescribed by state law in state tribunals.  The bankruptcy court has no criminal jurisdiction.  Any claim of Defendants which may have arisen as a result of the facts alleged in Debtor's complaint appear to have arisen prepetition and, thus, were discharged when the discharge order was entered in Debtor's main bankruptcy case.  Therefore, those claims are not core

---

[1]"*Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.),* 910 F.2d 784 (11th Cir.1990), is the seminal case in this Circuit on the scope of the bankruptcy court's 'related to' jurisdiction." *Continental Nat'l Bank v. Sanchez (In re Toledo),* 170 F.3d 1340 (11th Cir. 1999).

4

bankruptcy claims.  Additionally, as the claims alleged in this adversary proceeding could have no conceivable effect on an estate being administered in bankruptcy, those claims are non-core, *un*related claims over which this court has no subject matter jurisdiction. Accordingly, it is hereby

ORDERED that this adversary proceeding is ***dismissed.***

**The Clerk, U.S. Bankruptcy Court, is directed to serve** a copy of this order upon Debtor, Defendants, the Chapter 7 Trustee, and the U.S. Trustee.

IT IS SO ORDERED, this the ___9___$^{th}$ day of November, 2009.

MARGARET H. MURPHY
UNITED STATES BANKRUPTCY JUDGE